**Opinion issued August 13, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00453CR

————————————

**YANCY BOWEN LACROIX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 1**
**Tarrant County, Texas**
**Trial Court Case No. 1480734D**

---

## MEMORANDUM OPINION

In accordance with a plea bargain with the State, Yancy Bowen Lacroix pleaded guilty to the offense of possession with intent to deliver a controlled substance of four grams or more, but less than 200 grams, and was sentenced on June 30, 2017 to 10 years in the Institutional Division of the Texas Department of

Criminal Justice. The sentence was suspended and Lacroix was placed on community supervision for 10 years. The State subsequently filed a motion to revoke community supervision. Lacroix pleaded true to the violations without an agreed recommendation as to punishment. The trial court sentenced Lacroix to 12 months in the State Jail Division of the Texas Department of Criminal Justice. *See* TEX. HEALTH & SAFETY CODE § 481.115(a), (b).

On appeal, Lacroix's appointed counsel has filed a motion to withdraw, along with a brief, stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel advised Lacroix of his right to access the record and provided him with a form motion for access to the record. Counsel further advised Lacroix of his

right to file a pro se response to the *Anders* brief. Lacroix did not request access to the record and did not file a pro se response to counsel's brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney William R. Biggs must immediately send Lacroix the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish.  TEX. R. APP. P. 47.2(b).